# FILED

NOV 0 2 2016

Clerk, U.S. District Court
District Of Montana
Helena

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| Individual Plaintiffs RUTH R. MORRIS, ROY B. ROBINSON, and KAREN ROBINSON, and KAREN ROBINSON in her capacity as Personal Representative of the Estate of Michael E. Robinson,<br><br>                       Plaintiffs,<br><br>vs.<br><br>The Estate of Storrs M. Bishop, III and Progressive Northwestern Insurance Company,<br><br>                       Defendants. | No. CV 16-6-BU-SEH<br><br><br>**MEMORANDUM OPINION AND ORDER** |

### Introduction

This declaratory action arises out of a dispute over the amount of bodily

-1-

injury liability limits Plaintiffs, siblings and the personal representative of the decedent Michael E. Robinson ("Robinson"), are entitled to recover under an insurance policy, policy number 900643871 (the "Policy"), issued by Progressive Northwestern Insurance Company ("Progressive") to Storrs M. Bishop, III ("Bishop").[1] Both Plaintiffs and Defendants asserted claims for declaratory relief to determine whether the liability limits under the Policy may be added together, or "stacked."[2]

Each party submitted a cross-motion for summary judgment.[3] A hearing on the motions was held on October 31, 2016. The Court has determined Progressive is entitled to summary judgment. It is not required to stack the liability limits under its Policy.

## Background

Bishop was the driver of a motor vehicle involved in an accident resulting in Robinson's death in 2013.[4] At the time of the accident, Progressive insured three vehicles under the Policy and provided liability coverage to Bishop for the vehicle

---

[1] *See* Doc. 14 at 2-3.

[2] *See* Docs. 4, 8.

[3] *See* Docs. 37, 47.

[4] *See* Doc. 49 at 2-3.

involved in the accident.[5]

The Policy's Declarations Page listed limits for bodily injury and property damage liability for each of the three vehicles as "$300,000 combined single limit each accident."[6]

Progressive paid Plaintiffs $300,000 under the Policy without a release before Plaintiffs filed suit in Montana state court.[7] A $900,000 Stipulation to Judgment was later filed and granted in Plaintiffs' favor in that action.[8] Progressive refused to pay Plaintiffs the remaining $600,000 of the Judgment.[9]

On January 21, 2016, Plaintiffs filed a Complaint for Declaratory Judgment in state court alleging "[t]he law of Montana allows the three bodily injury liability limits to be 'stacked' and the total limits of bodily injury coverage available to be paid in the amount of $900,000."[10] Progressive removed to this Court on diversity of citizenship grounds.[11]

---

[5] See Doc. 49 at 3.

[6] Docs. 49 at 4, 14-1 at 1.

[7] See Docs. 58 at 4, 50 at 3.

[8] See Docs. 58 at 5, 50 at 4.

[9] See Docs. 58 at 5, 50 at 4.

[10] Doc. 4 at 8.

[11] See Doc. 5; see also 28 U.S.C. § 1332.

This Court directed the parties "to submit to the Court . . . a proposed stacking of insurance certification order addressed to the Montana Supreme Court, compiled in compliance with Montana Rule of Appellate Procedure 15(6)."[12]  No certification order was ever entered.[13]

## Standard of Review

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  "In considering a motion for summary judgment . . . the court decides a pure question of law . . . ."[15]  The material facts in this case are undisputed.  The issue before the Court is appropriate for summary adjudication.

## Discussion

This Court has original jurisdiction under 28 U.S.C. § 1332.  "[T]he district court normally applies the substantive law of the forum state"[16] in diversity cases.  Montana law will be applied to determine whether the three liability limits listed in the Policy are to be stacked.

---

[12] Doc. 20 at 2.

[13] *See* Docs. 36, 40.

[14] Fed. R. Civ. P. 56(a).

[15] *Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

[16] *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983).

An issue similar to that before the Court was recently decided by Judge Morris of this Court in *Hecht v. Mountain West Farm Bureau Mutual Ins. Co.*[17] There, Judge Morris applied Montana decisional law in concluding "Montana law allows a claimant to stack multiple insurance coverages only if the claimant can show that he or she qualifies [as] an 'insured' under all of the coverages to be stacked."[18]

In this case, the Policy defines an "insured person" in Part I - Liability to Others as:

a.  **you** or a **relative** with respect to an accident arising out of the ownership, maintenance, or use of an **auto** or **trailer**;

b.  any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you** or a **relative**;

c.  any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a or b above; and

d.  any Additional Interest shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a or b above.[19]

---

[17] *See* No. CV 15-40-GF-BMM, 2016 WL 837932 (D. Mont. March 3, 2016).

[18] *Hecht*, 2016 WL 837932, at *2 (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 73 P.3d 800, 803 (Mont. 2003)).

[19] Doc. 14-1 at 8.

Bishop was the only named insured under the Policy.[20] Robinson was not using a vehicle listed as a covered auto under the Policy at the time of the accident, was not a relative of Bishop, and did not incur vicarious liability.[21] Robinson was not an "insured person" under Part I - Liability to Others.

Plaintiffs assert, citing "'an assignment of an entire claim [constitutes] a complete divestment of all rights from the assignor and a vesting of those same rights in the assignee'"[22] for the proposition that, an assignment of Bishop's rights under the Policy to Plaintiffs[23] transformed Plaintiffs' status to that of "First-Party Claimants,"[24] thereby distinguishing this case from *Hecht*. This assertion is of no help to Plaintiffs.

In Montana, liability coverage is third-party coverage. "'[M]andatory liability insurance law . . . was enacted for the benefit of the public and not for the benefit of the insured.'"[25] "Unlike the third-party coverage mandated by [Montana

---

[20] *See* Docs. 58 at 5, 50 at 4.

[21] *See* Docs. 49 at 7-8, 39 at 6.

[22] *Skauge v. Mountain States Tel. & Tel. Co.*, 565 P.2d 628, 631 (Mont. 1977) (quoting *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 110 (Mo. Ct. App. 1971)).

[23] *See* Doc. 50-14.

[24] Doc. 48 at 32.

[25] *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 661 (Mont. 2003) (quoting *Watters v. Guaranty Nat. Ins. Co.*, 3 P.3d 626, 632 (Mont. 2000) (overruled on other

law], underinsurance and medical payment do not qualify as insurance *against liability*. Rather, underinsurance and medical pay coverage are designed to protect the first party insured."[26]

The plain and controlling language of the Policy provides for liability coverage only to an "insured person." The Policy's Insuring Agreement in Part I - Liability to Others specifies:

> If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.[27]

It is axiomatic that a liability insurance policy provides coverage only to an "insured person."[28] As previously stated, Robinson was not an "insured person" under the Policy. Plaintiffs are persons entitled by law only to seek the benefits of third-party coverage available to Bishop under the Insuring Agreement. Regardless of whether Plaintiffs assert they "stand in the shoes" of Bishop or claim a right to seek recovery of liability benefits under the Policy on their own

---

grounds) (citation omitted)).

[26] *Farmers Alliance Mut. Ins. Co. v. Holeman*, 924 P.2d 1315, 1318 (Mont. 1996).

[27] Doc. 14-1 at 7.

[28] *See Lierboe*, 73 P.3d at 803; *see also State Farm Mut. Auto. Ins. Co. v. Gibson*, 163 P.3d 387, 391 (Mont. 2007).

behalf, Plaintiffs cannot be said to claim status of "First-Party Claimants."[29]

ORDERED:

1.     Progressive's Motion for Summary Judgment is GRANTED.[30]

2.     Plaintiffs' Cross Motion for Summary Judgment is DENIED.[31]

3.     The clerk is directed to enter judgment accordingly and close the

case.

DATED this 2nd day of November, 2016.

SAM E. HADDON
United States District Judge

---

[29] *See, e.g., Brewer*, 69 P.3d at 661 (distinguishing first- and third-party coverage in the context of attorney fees).

[30] Doc. 37.

[31] Doc. 47.